Stuckey v. Irwin.

---

No. 20,478.

HENRY STUCKEY, *Appellee*, v. W. D. IRWIN AND ELSIE IRWIN, *Appellants*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Account—Joint Liability—Evidence—Instructions*. Where two parties are jointly sued on a note and on an account, and the evidence shows that both parties signed the note, but there is no evidence to show any liability of one of the parties on the account, the court should instruct the jury that the party against whom no evidence has been introduced on the account is not liable thereon.

2. TRIAL—*Evidence*. The evidence has been examined. There was no error committed in the admission nor in the exclusion of evidence.

3. TRIAL—*Instructions*. The instructions given and those requested have been examined. Other than as indicated in section 1 of this syllabus, there was no error in the instructions given nor in refusing to give those requested.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed March 10, 1917. Affirmed in part and reversed in part.

*Fred A. Walker*, of Weir City, and *M. R. Lively*, of Webb City, Mo., for the appellants.

*Charles Stephens*, and *E. M. Tracewell*, both of Columbus, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from a judgment against them, rendered on a promissory note and on an account.

The action was commenced before a justice of the peace. The plaintiff's bill of particulars alleged that there was due the plaintiff $130 and interest on a promissory note signed by the defendants, and $152.75 on an account. A joint answer

was filed by the defendants, in which they denied all the allegations of the plaintiff's bill of particulars, and alleged that the note was to be paid by labor to be performed by W. D. Irwin, and that the note had been paid by the performance of such labor. As a counterclaim, the defendants alleged that there was due from the plaintiff to defendant W. D. Irwin $249.60, for labor that had been performed by him for the plaintiff. The cause was tried by a jury, and a verdict returned and judgment rendered thereon against both defendants for $148.

1. The defendants contend that no judgment should have been rendered against Elsie Irwin on any part of the account set out in the plaintiff's bill of particulars. W. D. Irwin and Elsie Irwin were husband and wife. There was no evidence whatever to show that Mrs. Irwin had in any way contracted or agreed to pay for any of the items named in the account; and there was no evidence whatever that tended to show that she was in any way liable to the plaintiff on any of those items. The defendants requested the following instruction:

"The court instructs the jury that under the law and evidence in this case your verdict must be for the defendant Elsie Irwin on the account sued for by plaintiff in this cause."

This instruction was refused and no similar instruction was given. On the other hand, the court assumed, in the instructions given, that Elsie Irwin was liable on both the note and the items of the account in the same manner and to the same extent as W. D. Irwin. Elsie Irwin signed the note and there was no question about her liability on it, if it had not been paid in the manner alleged in the defendant's answer. Elsie Irwin was not liable to the plaintiff on the items of the account set out in his bill of particulars, and the court should have so instructed the jury.

There is nothing in the abstract to indicate what portion of the judgment was rendered on the note, or what portion was rendered on the account. It is, for this reason, impossible to determine whether or not any judgment should have been rendered against Elsie Irwin. This compels a reversal of the judgment as to her.

2. The defendants complain of error in the admission and in the exclusion of evidence. Each of these complaints has

been carefully examined. There was no substantial error in the admission nor in the exclusion of evidence.

3. Complaint is made of the instructions given by the court and of the refusal of the court to give instructions requested by the defendants. Other than the assumed liability of defendant Elsie Irwin on the items of the account set out in the plaintiff's bill of particulars, the instructions given correctly submitted the issues and correctly and fully stated the law governing those issues. It was, therefore, not necessary for the court to give the instructions requested by the defendants, other than the one concerning the liability of Elsie Irwin.

Other errors are alleged. These have, likewise been examined, and are found insufficient to warrant a reversal of the judgment against W. D. Irwin.

The judgment is affirmed as to defendant W. D. Irwin, and is reversed as to defendant Elsie Irwin, and a new trial is directed as to her.